IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

DEBORAH REYNOLDS,

                Plaintiff,

v.                                    CIVIL ACTION NO. 3:07-0457

SWIFT TRANSPORTATION CO., INC.,
a corporation, and JAMES H. SLAYTON,

                Defendants.

### ORDER

Pending before this Court are Plaintiff, Deborah Reynold's, Motions in Limine (Doc. 97), Defendants, Swift Transportation Company, Inc. and James H. Slayton's, Motion in Limine (Doc. 99), and Defendants' Motion for Offset of Damages (Doc. 104). Upon consideration at the pretrial conference held on August 10, 2009, the Court rules as follows:

### PLAINTIFF'S MOTIONS IN LIMINE

1. The Court **FINDS** that Defendants have provided Plaintiff with all the medical records they have obtained. The Court **DIRECTS** Defendants to identify to Plaintiff the portions of these records Defendants intend to use at trial.

2. As to the testimony of medical experts relying on medical records, the Court **HOLDS IN ABEYANCE** until trial. The Court **FINDS** Defendants cannot recharacterize Dr. Vayas' conclusions; however, Defendants' experts may use the medical records to establish their opinions regarding Plaintiff's medical history.

3. As to the testimony of Yvonne Kerr, Defendants have not established a sufficient foundation and the Court **GRANTS** Plaintiff's motion to exclude.

4. As to Plaintiff's attorney's letters to insurance adjustors, the Court **GRANTS** Plaintiff's motion. As to other evidence of settlement, the Court **HOLDS IN ABEYANCE** until trial. The Court **DIRECTS** Parties to seek leave of the Court before introducing such evidence.

5. As to the testimony of Dr. Dryer, the Court **DENIES** Plaintiff's motion. The Court, however, **DIRECTS** Defendants to immediately provide to Plaintiff any reports or other documents related to Dr. Dryer's testimony. Plaintiff may raise further objections to the testimony thereafter.

6. The Court **DENIES** Plaintiff's motions to exclude the West Virginia Department of Transportation Traffic Control Plans for DOH Project #4906 and photographs, drawings or sketches of the accident area. The Court **DIRECTS** Defendants to provide to Plaintiff copies of any of these documents, or portions thereof, that Defendants intend to use at trial. Additionally, Defendants must provide testimony to authenticate any documents used.

## DEFENDANTS' MOTION IN LIMINE

1. As to the training logs contained in Mr. Slayton's Driver's Qualification file, the Court **GRANTS** Defendants' motion, in part. The Court **DIRECTS** Plaintiff to seek leave of the Court before eliciting testimony regarding these logs.

2. As to evidence of subsequent accidents involving Mr. Slayton, the Court **GRANTS** Defendants' motion. Plaintiff agrees not to introduce evidence regarding these accidents.

## DEFENDANTS' MOTION FOR OFFSET OF DAMAGES

The Court **GRANTS** Defendants' motion for offset. Defendants argue, and Plaintiff does not contest, that the injuries Plaintiff suffered in the August 5, 2005 and November 11, 2005 accidents are practically indistinguishable. Thus, the Court **FINDS** the injuries Plaintiff suffered in the August 5, 2005 and November 11, 2005 accidents constitute a single indivisible loss as the result of the actions of two successive and independent tortfeasors. *See Pennington v. Bluefield Orthopedics, P.C.,* 419 S.E.2d 8, 11-12 (W. Va. 1992). A setoff, or verdict credit, is appropriate because the successive and independent tortfeasors are jointly responsible for a single indivisible injury. *Id.* at 14. This conclusion is consistent with the principle that Plaintiff "is entitled to one,

but only one, complete satisfaction for [her] injury" and "ensures against double recovery by the plaintiff." *Board of Education of McDowell County v. Zando, Martin, and Milstead, Inc.*, 390 S.E.2d 796, 803, 804 (W. Va. 1990). The Court therefore **FINDS** Defendants are entitled to a setoff in the amount of $30,000, the value of Plaintiff's settlement for claims related to the August 5, 2005 accident.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: August 12, 2009

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE